

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE LEE TOUCHSTONE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0057 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner JOE LEE TOUCHSTONE has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state conviction for the offense of aggravated sexual assault. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is successive and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

According to petitioner, on February 13, 1991, the 100th District Court of Carson County, Texas, convicted petitioner, upon the jury's guilty verdict, of aggravated sexual assault. Petitioner received a sentence of life imprisonment. Petitioner's conviction was affirmed on direct appeal; petitioner fails to state whether he filed a petition for discretionary review. Petitioner does indicate, however, that he filed state applications for writs of habeas corpus in June 1992 and June 2008. In addition to these petitions, the Court of Criminal Appeals website indicates petitioner filed an application for a writ of habeas corpus

in September 1994, April 1995, January 2006, and July 2008. *In re Touchstone*, WR-6,986-04, -05, -09, -11. The website also indicates that the petition filed in June 2008 was actually a mandamus. In any event, the Texas Court of Criminal Appeals has either dismissed as subsequent, dismissed outright, or denied without written order all of petitioner's habeas corpus applications.

Petitioner has also filed two previous federal petitions for habeas corpus relief, one in November 1992 and another in March 1997. The November 1992 application was denied, and the Fifth Circuit declined to review such denial. *Touchstone v. Collins*, 2:92-CV-287-J. The March 1997 application was dismissed as successive. *Touchstone v. Johnson*, 2:97-CV-104-J-BB. Petitioner candidly admits in the instant petition for habeas corpus relief that he has previously filed a federal habeas petition attacking the same conviction he attacks in the instant pleading and that he raises no new grounds by such a pleading. (Petition for a Writ of Habeas Corpus by a Person in State Custody, pg. 8).

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The State failed to prove that a quorum of the grand jury approved the indictment.

2. The State failed to charge petitioner with a violation of an offense as defined by the Texas Constitution.

## III.
## PERMISSION TO FILE APPLICATION

By the instant federal habeas corpus application, petitioner challenges his conviction for the offense of aggravated sexual assault. Petitioner has challenged this conviction and resulting life sentence in two previous federal habeas corpus applications filed in the United States District Court for the Northern District of Texas. On September 30, 1993, this Court dismissed petitioner's first application, and on February 27, 1998, this Court dismissed as successive petitioner's second application.

Title 28 U.S.C. section 2244(b)(3)(A) provides that **before** a second or successive application permitted by section 2244(b)(2) is **filed** in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.* Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements of 28 U.S.C. section 2244(b)(2), which sets forth the circumstances allowing a district court to consider a claim presented in a successive habeas application that *was not* presented in a prior application.

Concerning claims presented in a successive habeas application that have already been presented once before in a federal habeas corpus petition, the statute is clear: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. 2244(b)(1). Because petitioner presents the same claims in the instant petition as this Court has already evaluated and determined lacked merit, it seems unlikely he would receive a certification to file a successive petition from the appellate court.

This Court, however, cannot make such a determination—it is bound by the law of Title 28 U.S.C. section 2244(b)(3), and therefore cannot even consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing it to do so.

Petitioner has failed to demonstrate that he has obtained such authorization to file this federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition as required by 28 U.S.C. section 2244(b)(3)(A), this Court has no authority to consider his request for relief. Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOE LEE TOUCHSTONE be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of March 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).